UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN L. ONSTOTT AND ELEANOR             CIVIL ACTION
CLARK ONSTOTT

VERSUS                               NO.  06-3297

ALLSTATE INSURANCE CO.            SECTION "R"(2)

## ORDER AND REASONS

Plaintiff moves to remand this matter.  For the following reasons, the Court GRANTS the plaintiff's motion.

## I.   BACKGROUND

Hurricanes Katrina and Rita devastated much of southern Louisiana in August and September of 2005.  Plaintiff in this case is a Louisiana property owner who suffered substantial damage to her property during these storms and who has sued her homeowner's insurance carriers.  Defendant is an insurance company that lacks citizenship or a principal place of business in Louisiana.  The parties in this case are thus diverse.

Plaintiff filed her action in Louisiana state court, and
defendant removed it to this Court.  Plaintiff now seeks to
remand this matter to state court.  Defendant opposes the motion
and asserts that federal jurisdiction is proper under diversity
jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree
as to whether the amount in controversy is satisfied under the
requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing
a jurisdictional minimum of $75,000).

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in
state court if the federal court has original jurisdiction over
the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears
the burden of showing that federal jurisdiction exists.  *See*
*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
In assessing whether removal was appropriate, the Court is guided
by the principle, grounded in notions of comity and the
recognition that federal courts are courts of limited
jurisdiction, that removal statutes should be strictly construed.
*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL
419901, at *2 (E.D. La. 1995).  The Court must remand the case to

2

state court "[i]f at any time before final judgment it appears
that the district court lacks subject matter jurisdiction."  28
U.S.C. § 1447(c).

   **B.   Amount in Controversy**

   Under Fifth Circuit law, a removing defendant's burden of
showing that the amount in controversy is sufficient to support
federal jurisdiction differs depending on whether the plaintiff's
complaint alleges a specific amount of monetary damages.  *See
Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage
figure in excess of the required amount in controversy, "that
amount controls if made in good faith."  *Id.* (*citing St. Paul
Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If
a plaintiff pleads damages less than the jurisdictional amount,
this figure will also generally control, barring removal.  *Allen*,
63 F.3d at 1335.  "Thus, in the typical diversity case, the
plaintiff is the master of his complaint."  *Id*.

   Here, however, plaintiffs filed their complaints in
Louisiana state courts, and Louisiana law does not permit them to
plead a specific amount of money damages.  When, as here, the
plaintiff has alleged an indeterminate amount of damages, the
Fifth Circuit requires the removing defendant to prove by a
preponderance of the evidence that the amount in controversy
exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850

3

(5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

    If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970

4

F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).  For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages . . . . , including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999."  The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law.  *Id*. at *5.  The plaintiff here did not file a similar stipulation with her complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is

ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.  Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

## III. Analysis

Plaintiffs John and Eleanor Clark Onstott sued Allstate claiming that they suffered $67,000 in damages covered under their homeowner's policy but that Allstate had tendered only

$34,000.  They sought to recover the full $67,000.  In addition
to these damages, the Onstotts made a claim for statutory
penalties and attorney's fees under La. Rev. Stat. §§ 22:1220 and
22:658.  Under Section 22:1220, an insurer that fails to pay a
claim upon satisfactory proof of loss is subject to "penalties in
an amount not to exceed two times the damages sustained or five
thousand dollars, whichever is greater," if its failure was
arbitrary and capricious.  La. Rev. Stat. § 22:1220; *see Hannover
Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70,
75 (5th Cir. 1995) (holding that a plaintiff must show damages
arising from the breach to recover any more than $5,000).  Under
section 22:658, the insurer is subject to a penalty, "*in addition
to the amount of the loss*" of twenty-five percent of the amount
due under the policy, or $1,000, whichever is greater, whenever
it arbitrarily, capriciously, or without probable cause fails to
pay within 30 days of satisfactory proof of loss.  La. Rev. Stat.
§ 22:658 (emphasis added).

On July 17, 2006, the plaintiffs filed an affidavit along
with their motion to remand stating that Allstate had paid them
$34,000 on their policy, so that the amount in controversy was
$33,000.  As discussed above, post-removal affidavits may be
considered in cases where the amount in controversy is ambiguous
at the time of removal.  Here, the amount in controversy was

7

ambiguous at the time of removal because the plaintiffs had asked for $67,000 in storm damages, but alleged that Allstate had made a tender to the plaintiffs for $34,000.  The post-removal affidavit clarifies the amount in controversy, stating explicitly that the plaintiffs seek only the difference – $33,000 – from Allstate for their storm damages.  Allstate argues that the plaintiffs may still be able to recover penalties and attorney's fees under La. Rev. Stat. §§ 12:1220 and 22:658 that could yield a judgment in excess of $75,000.  However, Section 22:120 requires proof of actual damages from the insurer's breach.  *See Atkins v. Lexington Insurance Co.*, 2006 WL 1968895, *3 (E.D. La. July 12, 2006); *see also Hannover*, 67 F.3d at 75 (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000).  The plaintiffs here do not allege in their complaint an amount or type of damages, if any, that they sustained from Allstate's breach.  Furthermore, even if the plaintiffs could recover under Section 22:658, they would be entitled to, at most, $8,250, which would not be enough to push the claims over $75,000.  As a result, defendants cannot show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs'
motion to remand.


New Orleans, Louisiana, this <u>20th</u> day of September, 2006.


*Sarah Vance*
_____
                SARAH S. VANCE
        UNITED STATES DISTRICT COURT